**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-50603
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ALLEN LONG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. EP-01-CR-1997-ALL-F
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Allen Long appeals his conviction and the sentence he received for possession with intent to distribute marijuana after the district court denied his motion to suppress evidence. The marijuana was seized after Long was stopped at an immigration checkpoint. This court reviews the district court's factual findings regarding a motion to suppress for clear error and its legal conclusions de novo. <u>United States v. Portillo-Aguirre</u>,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

311 F.3d 647, 651-52 (5th Cir. 2002). When the facts are undisputed, as they are in the instant case, questions such as probable cause and reasonable suspicion are resolved as questions of law. Id. at 652.

The gist of Long's argument is that once the agent ascertained Long's citizenship he could ask no further questions and could not refer him to the secondary inspection area. The initial stop was constitutional. United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1976). In United States v. Machuca-Barrera, 261 F.3d 425, 432 (5th Cir. 2001), this court held that once the purpose justifying the stop has been served, the detained person must be free to leave.

Long likens his case to Portillo-Aguirre, where this court held that a Border Patrol agent unlawfully extended an immigration checkpoint stop of a commercial passenger bus. 311 F.3d at 656. However, the agent in that case lacked reasonable suspicion of criminal activity before further detaining the defendant. Id. at 656-58. Long ignores that the Border Patrol agent in this case had reasonable suspicion of criminal activity before he ascertained Long's citizenship when he observed Long to be nervous and observed the unusual circumstance that the air conditioner was blowing hot air in a distracting manner. See Machuca-Barrera, 261 F.3d at 434 (an agent at an immigration stop may investigate non-immigration matters beyond the permissible length of the immigration stop if the initial, lawful stop

creates reasonable suspicion warranting further investigation). Given that the Border Patrol agent had reasonable suspicion to further question Long and that the additional questions gave rise to more reasonable suspicion, there was no Fourth Amendment violation.

AFFIRMED.